**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Regina M. Rodriguez**

Criminal Action No. 23-cr-00113-RMR

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. JALON TORRES
a/k/a Jay Torres, and
2. LISA MARIE RITTER,

Defendants.

---

**ORDER**

---

Defendant Jalon Torres pled guilty to Wire Fraud in violation of 18 U.S.C. § 1341 and Laundering of Monetary Instruments (Spending) and Aiding and Abetting the same, in violation of 18 U.S.C. §§ 1957(a) and 2. ECF No. 411. Defendant Lisa Marie Ritter pled guilty to an Information charging Misprision of a Felony in violation of 18 U.S.C. § 4. ECF No. 245. Both Defendants' respective plea agreements included payment of restitution jointly and severally with the other in an amount to be determined by the Court. The Government requests the Court order restitution in the amount of $54,301.59. ECF No. 469. For the reasons stated below, the Government's Motion for Restitution Order (ECF No. 469) is GRANTED.

## I. BACKGROUND

Defendant Ritter's plea agreement outlines that, pursuant to U.S.S.G. § 5E1.1, she "agrees to pay restitution to victims in an amount to be determined prior to sentencing, but which is estimated to be approximately **$1 million**, and for which she would be jointly and severally liable with the codefendant in this matter." ECF No. 245 at 8. Defendant Torres' plea agreement similarly states that "he will be liable for restitution in an amount to be determined prior to sentencing, which could include joint and several liability for some or all of the amount with any codefendant convicted in this case who participated in conduct relating to the scheme to defraud or other individuals convicted in the future." ECF No. 411 at 1. Prior to Defendant Torres' sentencing, the Court reviewed the Presentence Report, which included a "Victim Impact" section. ECF No. 438 at 11. The Probation Officer noted that "[t]his case involved over 1,300 victims and determining restitution is complex." *Id.* Thus, the Court granted the Government's request for a separate restitution hearing following sentencing. *Id.*; ECF No. 424.

## II. LEGAL STANDARD

The Mandatory Victims Restitution Act ("MVRA") applies "in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense (A) that is (ii) an offense against property under this title . . . including any offense committed by fraud or deceit (B) in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1). Pursuant to U.S.S.G. § 5E1.1(a)(1), "[i]n the case of an identifiable victim, the court shall enter a restitution order for the full amount of the victim's loss." For orders of restitution, "the court shall

order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order." 18 U.S.C. § 3664(a). "The report shall include, to the extent practicable, a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant." *Id.*

## III. ANALYSIS

In its motion, the Government outlines its process for identifying and notifying victims in this case. "[S]ince June of this year, the Government has been diligently attempting to contact all known victims to ensure that every victim has been notified and given ample opportunity to claim restitution in this matter." ECF No. 469 at 5. The Government attempted to reach victims by letter, email and phone. *Id.* Any time a letter was returned or an email bounced back, the Government searched for updated contact information and attempted to make contact again. *Id.* The Government notes that "[v]ictims have been provided an opportunity to make their claims through either Declarations of Victim Loss sent by the United States Probation Office along with the Victim Impact Statements, a Loss Calculation and Restitution Claim Form sent with notifications to victims through the Government's victim notification system, or both." *Id.*

Ultimately, "only claims made under penalty of perjury and supported by records were incorporated into the Government's restitution calculation." *Id.* at 6. The Government has summarized these records in an attached exhibit. ECF No. 470. In total, the restitution amount of $54,301.59 is supported by claims made under the penalty of perjury and

supporting documents. ECF No. 469 at 6. Although this restitution amount is less than the Probation Office and Government predicted, the Government's process in determining the amount and documentation comply with 18 U.S.C. §§ 3663A, 3664. Therefore, the Government's Motion for Restitution ORDER is GRANTED.

## IV. CONCLUSION

For the reasons set forth above, the Government's Motion for Restitution Order is GRANTED. It is FURTHER ORDERED that Defendants Torres and Ritter are jointly and severally liable for restitution in the amount of $54,301.59, and the Restitution Hearing set for October 29, 2026 at 1:00 p.m. is VACATED.

DATED: October 20, 2026

BY THE COURT:



REGINA M. RODRIGUEZ
Chief Judge, U.S. District Court